OPINION
Defendant-appellant, James Nelson, appeals his conviction for felonious sexual penetration in violation of R.C. 2907.12(A)(1) (b). Nelson complains of ineffective assistance of counsel, and also argues that his guilty plea was not voluntary.
On February 1, 1995, the Clermont County Grand Jury indicted Nelson for felonious sexual penetration with a force specification. Under the terms of a plea bargain, Nelson agreed to plead guilty to the underlying offense and the state agreed to drop the force specification. On March 22, 1995, Nelson pled guilty and was sentenced to between five and twenty-five years in prison. Prior to accepting the guilty plea and pronouncing sentence, the trial court personally addressed Nelson in accordance with Crim.R. 11 and described the constitutional and statutory rights Nelson was waiving by pleading guilty. The court also explained the maximum penalty involved, and ascertained that Nelson understood the nature of the charges against him.
On November 12, 1996, this court granted Nelson's motion to file a delayed appeal, ordered transcripts, and approved appointment of appellate counsel for Nelson. Nelson asked his appellate counsel to raise the issue of ineffective assistance of trial counsel. Nelson's appointed counsel, however, subsequently filed an appellate "Anders brief" stating that he could find no errors to present on appeal, but asking this court to review the record. Nelson then filed an appellate brief pro se. Nelson argued that his guilty plea was not knowingly made, and that the trial court denied him his right of allocution.
In his pro se brief, Nelson sets forth two assignments of error. Nelson first complains that his guilty plea was improper, arguing that "he did not know that by entering his guilty plea he was agreeing to an unforeseen penalty that was caused by the enactment of new legislation." Nelson refers to Am.Sub.H.B. 180, effective January 1, 1997, involving the classification of sexual offenders, along with attendant registration and notification requirements. See R.C. 2950.01 et seq.
This court has held that the classifications provisions and attendant registration, verification, and community notification requirements set forth in R.C. Chapter 2950 do not constitute punishment. State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported. This court therefore rejects Nelson's argument that he was "agreeing to an unforeseen penalty" when he pled guilty. Nelson's first assignment of error set forth in his pro se brief is overruled.
Under his second assignment of error in his pro se brief, Nelson argues that the trial court denied him his constitutional right to allocution at the time of sentencing. Both Crim.R. 32 and R.C. 2947.05, which was effective when Nelson was sentenced but has since been repealed, require the trial court to provide a defendant with an opportunity to speak before sentence is imposed. Here, the trial court invited defense counsel to speak on Nelson's behalf before sentencing, and his attorney provided the court with a statement in mitigation. The trial court then inquired: "Mr. Nelson, anything you wish to say by way of sentence, any reason why sentence should not be passed?" Nelson responded that he did not. The trial court did not deny Nelson his right to allocution. Nelson's second pro se assignment of error is overruled.
This court will also consider the claim set forth in the Anders brief that Nelson was denied effective assistance of counsel. After thoroughly reviewing the evidence, this court concludes that this claim is not supported by any evidence in the record. Additionally, Nelson's claims that the trial court did not comply with Crim.R. 11 and that he was not informed that he was pleading to a non-probational offense are directly contradicted by the record. This court has examined the record and finds no error prejudicial to appellant's rights in the proceedings in the trial court.
Judgment affirmed.
WALSH and BROGAN, JJ., concur.
James A. Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3) of the Ohio Constitution.